ROBERTSON, Justice:
Mrs. Georgia Bell Wesley, on behalf of herself, her husband and her five minor children, brought suit in the Circuit Court of the First Judicial District of Hinds County, Mississippi, against the Mississippi Power and Light Company and the Sixteenth Section Development Corporation, under the wrongful death statute for the wrongful death of her four-year-old son.
The circuit court sustained a plea of collateral estoppel because Mrs. Georgia Bell Wesley and her husband, Henry Lee Wesley, on behalf of themselves and 90 other families similarly situated, had brought a suit for injunction against the same two defendants in the Chancery Court of the First Judicial District of Hinds County, Mississippi.
In the chancery court suit, complainants prayed:
“[Ujpon a final hearing hereof, Complainants pray for this Court to restrain Defendant from flooding Potter’s Creek in the area of HICO Lake, Jackson, Mississippi; or permanently enjoin Defendants from using Potter’s Creek as an overflow outlet for HICO Lake until such time as appropriate and adequate safeguards are constructed or erected to protected Complainants and others similarly situated;”
A full hearing was had in the chancery court and that court refused to grant the extraordinary relief prayed for and dismissed the bill of complaint.
The only question before us is whether the circuit court was correct in sustaining the plea of collateral estoppel.
The chancery court action was a class action brought by Mrs. Georgia Bell Wesley and her husband, Henry Lee Wesley, for and on behalf of themselves and 90 other families similarly situated, solely for injunctive relief. The four minor brothers and the one minor sister of the deceased child were not parties to the chancery ac *176 tion, nor was any relief asked in their behalf. The chancery suit was solely for the extraordinary relief of injunction. It was not brought under the wrongful death statute nor was it intended to be an action for damages “brought in the name of the personal representative of the deceased person, for the benefit of all persons entitled under the .law to recover,” as is required by Section 1453, Mississippi Code 1942 Annotated (Supp.,- 1972). It was not essential to the grant of relief in the chancery court action that negligence be shown. City of Jackson v. Robertson, 208 Miss. 422, 44 So.2d 523 (1950). Yet in the circuit court action negligence was a very essential element of proof.
So the parties were not the same, nor were the questions to be answered, or the issues to be decided, the same in the chancery and circuit court actions.
In Alack v. Phelps, 230 So.2d 789 (Miss., 1970), an action under the wrongful death statute was brought on behalf of a minor daughter of the second marriage of the deceased father. Minor twin boys of the first marriage who had been adopted by the paternal grandparents were not parties nor were they represented in the wrongful death action. The chancery court approved a compromise settlement of the wrongful death action and found that “Janet Carol Phelps is the sole wrongful death beneficiary of John B. Phelps.” In holding that the minor twin sons were not barred by the settlement of the wrongful death action, we said, in Alack:
“Since the rights of these two little boys were not considered, and the damages to them determined, the settlement made does not bar them from asserting their rights and having their day in court.” 230 So.2d at 794.
Paraphrasing, since the five minor children of Georgia Bell and Henry Wesley were not parties to the chancery court action, nor their rights considered, they were not bound or estopped by anything that occurred in Chancery Court. They were entitled to assert their rights and have their day in court in the wrongful death action in circuit court against both defendants.
The judgment of the circuit court is reversed and this cause remanded for a trial on the merits.
Reversed and remanded.
RODGERS, P. J., and PATTERSON, INZER and SMITH, JJ., concur.